Filed 1/6/23  P. v. Smith CA4/1
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARQUELL DION SMITH,<br><br>    Defendant and Appellant. | D078320<br><br><br>(Super. Ct. No. SCD137023) |

APPEAL from an order of the Superior Court of San Diego County, John M. Thompson, Judge.  Reversed and remanded with instructions.

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland and Charles C. Ragland, Assistant Attorneys General, Arlene A. Sevidal, Lynne McGinnis and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

# I

# INTRODUCTION

In 1999, Marquell Smith was found guilty of the first degree murder of 19-year-old Adrian Garmo (Pen. Code, §§ 187, subd. (a), 189, subd. (a)) and dozens of other robbery-related crimes.[1]  He was sentenced to life in state prison without the possibility of parole, plus 206 years.  On direct appeal, this court struck a parole revocation fine, but in all other respects affirmed the judgment of conviction.  (*People v. Smith* (Mar. 5, 2004, D035500) [nonpub. opn.] (*Smith I*).)

In 2019, Smith petitioned for vacatur of his murder conviction and resentencing based on legislative changes to our state's murder laws.  Those amendments significantly curtailed the scope of the felony murder rule, abolished natural and probable consequences murder, and provided a pathway for persons previously convicted of felony murder or natural and probable consequences murder to be resentenced.  (Stats. 2018, ch. 1015, §§ 2–4.)  A person convicted of murder under one of these theories of liability may be resentenced if he or she was not the actual killer, did not aid and abet the commission of murder with an intent to kill, and was not a major participant in an underlying felony who acted with reckless indifference to human life.  (§§ 189, subd. (e), 1172.6, subds. (a)(3) & (d)(3).)

The trial court denied Smith's petition for resentencing without issuing an order to show cause.  It reasoned he was ineligible for relief, as a matter of law, because his jury made a true finding on a robbery-murder special-circumstance allegation.  The finding meant the jury determined Smith was the actual killer; he aided and abetted the commission of the murder with an intent to kill; or he aided and abetted the commission of a robbery as a major

---

[1]     Further undesignated statutory references are to the Penal Code.

participant and while acting with reckless indifference to human life. (§ 190.2, subds. (b)–(d).)

In a prior opinion, our court affirmed the order denying Smith's resentencing petition. (*People v. Smith* (Mar. 23, 2022, D078320) [nonpub. opn.] (*Smith II*).) We concluded a true finding on a felony-murder special-circumstance allegation does not categorically preclude resentencing where, as here, the finding was made before the Supreme Court decided *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*), which clarified the meaning of the statutory phrase "major participant," or before it decided *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), which gave important guidance on the phrase "reckless indifference to human life." However, we affirmed the summary denial order because we concluded the evidence presented at Smith's trial was sufficient to support the jury's robbery-murder special-circumstance finding under the standards set forth in *Banks* and *Clark*. (*Smith II, supra*, D078320.)

The Supreme Court granted review and deferred further action pending the consideration and disposition of related issues in *People v. Strong*, S266606. Thereafter, the Supreme Court issued *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*), which held that a true finding on a felony-murder special circumstance allegation does not preclude a petitioner from making a prima facie case for relief if the finding was rendered pre-*Banks* and *Clark*. That is true, *Strong* holds, even if sufficient evidence was presented at trial to support the felony-murder special-circumstance finding under the *Banks* and *Clark* standards. (*Id.* at pp. 718–720.)

The Supreme Court transferred the matter back to our court with directions to vacate our prior opinion and reconsider the cause in light of *Strong, supra*, 13 Cal.5th 698. We have done so. With the benefit of the

3

Supreme Court's guidance, we conclude the jury's pre-*Banks* and *Clark* robbery-murder special-circumstance finding does not, as a matter of law, preclude Smith from making a prima facie case for relief. Therefore, we reverse the order denying Smith's petition for resentencing and remand the matter with instructions that the trial court issue an order to show cause and conduct such further proceedings as are required by section 1172.6.

II

BACKGROUND

A

The following factual background is taken from this court's opinion in *Smith I, supra*, D035500.

Between November 7, 1997, and February 18, 1998, Smith and codefendant Lazair Deterro Carter committed dozens of armed robberies of commercial establishments in the San Diego area. (*Smith I, supra*, D035500.) The robberies were known as the Tri-Cities robberies. (*Ibid.*) They differed in their specifics, but typically entailed two or three African American males wearing masks and gloves, carrying guns, taking money from a cash register, demanding access to a safe, and taking money from customers and employees. (*Ibid.*) The robbers frequently hit employees in the head with a gun as well. (*Ibid.*) During one robbery of a liquor store perpetrated on January 10, 1998, the store owner grabbed a revolver and fired it several times, causing the robbers to return fire and flee. (*Ibid.*)

On February 18, 1998, Smith and Carter committed an armed robbery of a liquor store during which the 19-year-old store clerk, Adrian Garmo, was shot and killed. (*Smith I, supra*, D035500.) Surveillance videotape "showed Carter wrestling with the clerk, who was trying to pull off Carter's … mask.

4

Smith reached over the counter and pointed a .38 caliber handgun at the clerk. Garmo was shot and killed by a single gunshot to the chest." (*Ibid.*)

On December 20, 1999, a jury found Smith and Carter guilty of the first degree murder of Adrian Garmo, and, for both defendants, it returned true findings on personal use of a firearm allegations and robbery-murder special-circumstance allegations associated with the murder charge. (*Smith I, supra*, D035500.) The jury found the defendants guilty of the attempted murder of the liquor store owner on January 10, 1998, and, for both defendants, it returned true findings on personal use of a firearm allegations associated with the attempted murder charge. (*Ibid.*) The defendants were found guilty of dozens of other crimes as well.[2] (*Ibid.*) The court sentenced Smith to prison for life without the possibility of parole, plus 206 years. (*Ibid.*) It sentenced Carter to prison for life without the possibility of parole, plus 270 years 8 months. (*Ibid.*)

On direct appeal, this court struck a parole revocation fine, but in all other respects affirmed the judgments. (*Smith I, supra*, D035500.)

B

"In 2017, the Legislature adopted a concurrent resolution declaring a need to reform the state's homicide law 'to more equitably sentence offenders in accordance with their involvement in the crime.' [Citation.] The next year, the Legislature followed through with Senate Bill [No.] 1437 [(2017–2018 Reg. Sess.) (Senate Bill 1437)], which made significant changes to the

---

[2] Smith was found guilty of 8 counts of attempted robbery, 39 counts of robbery, 15 counts of assault with a firearm, and 12 counts of being a felon in possession of a firearm, among other crimes. (*Smith I, supra*, D035500.) Carter was found guilty of 11 counts of attempted robbery, 57 counts of robbery, 18 counts of assault with a firearm, and 16 counts of being a felon in possession of a firearm, among other crimes. (*Ibid.*)

scope of murder liability for those who were neither the actual killers nor intended to kill anyone, including certain individuals formerly subject to punishment on a felony-murder theory" or on a natural and probable consequences theory. (*Strong, supra*, 13 Cal.5th at p. 707 & *id.*, fn. 1.)

Senate Bill 1437 limited the scope of the felony-murder rule and abolished natural and probable consequences murder in order "to effectuate the Legislature's declared intent 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*Strong, supra*, 13 Cal.5th at pp. 707–708; see *People v. Gentile* (2020) 10 Cal.5th 830, 846.) "Penal Code section 189, as amended, now limits [murder] liability … principally to 'actual killer[s]' (Pen. Code, § 189, subd. (e)(1)) and those who, 'with the intent to kill,' aid or abet 'the actual killer in the commission of murder in the first degree' (*id.*, subd. (e)(2)). Defendants who were neither actual killers nor acted with the intent to kill can be held liable for murder only if they were 'major participant[s] in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [Penal Code] Section 190.2'—that is, the statute defining the felony-murder special circumstance. (*Id.*, § 189, subd. (e)(3).)" (*Strong,* at p. 708.)

"Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended. (See Pen. Code, § 1172.6 …; *People v. Lewis* (2021) 11 Cal.5th 952, 959–960; *People v. Gentile, supra*, 10 Cal.5th at p. 843.) Under newly enacted section 1172.6, the process begins with the filing of a petition containing a declaration that all requirements for eligibility are met (*id.*, subd. (b)(1)(A)), including that '[t]he petitioner could not presently be convicted of murder or

6

attempted murder because of changes to [Penal Code] Section 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill 1437 (§ 1172.6, subd. (a)(3))." (*Strong, supra*, 13 Cal.5th at p. 708, fn. omitted.)

"When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' (§ 1172.6, subd. (c); see *People v. Lewis, supra*, 11 Cal.5th 952, [interpreting the prima facie requirement as originally codified in former § 1170.95].) If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition. (See § 1172.6, subd. (c); *Lewis*, at pp. 970–972.) If, instead, the defendant has made a prima facie showing of entitlement to relief, 'the court shall issue an order to show cause.' (§ 1172.6, subd. (c).)" (*Strong, supra*, 13 Cal.5th at p. 708.)

"If there has been 'a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner.' ([§ 1172.6], subd. (d)(2).) Additionally, the parties may stipulate that the petitioner is eligible for resentencing. (*Ibid.*) Otherwise, the court must hold an evidentiary hearing at which the prosecution bears the burden of proving, 'beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder' under state law as amended by Senate Bill 1437. (§ 1172.6, subd. (d)(3).) 'A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' (*Ibid.*) 'If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and

7

enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges.' (*Ibid.*)" (*Strong, supra,* 13 Cal.5th at pp. 708–709.)

C

After Senate Bill 1437 went into effect, Smith filed a petition to vacate his murder conviction and to be resentenced. The trial court appointed legal counsel to represent Smith during the resentencing proceeding.

The district attorney filed multiple responses contending the resentencing petition should be denied because Smith failed to make a prima facie showing of entitlement to relief. She argued resentencing was unavailable, as a matter of law, because the jury's finding on the robbery-murder special-circumstance allegation meant it necessarily found that Smith was the actual killer; he aided and abetted the commission of the murder with an intent to kill; or he aided and abetted the commission of a robbery while acting as a major participant and with reckless indifference to human life.

The trial court accepted the district attorney's argument and summarily denied Smith's petition for resentencing without issuing an order to show cause.

III

DISCUSSION

A

In order to reach a true finding on the robbery-murder special-circumstance allegation, the jury that convicted Smith necessarily found that he was the actual killer; he aided and abetted the commission of the murder with an intent to kill; or he aided and abetted an underlying robbery as a major participant and with reckless indifference to human life. (§ 190.2,

8

subds. (b)–(d).)  A person convicted of murder is not entitled to resentencing if he or she was the actual killer; aided and abetted murder with an intent to kill; or acted with reckless indifference to human life as a major participant in an underlying felony.  (§§ 189, subd. (e), 1172.6, subd. (a)(3) & (d)(3).)

Nonetheless, Smith argues the robbery-murder special-circumstance finding does not preclude him from making a prima facie case for relief.  He claims the special-circumstance finding does not foreclose relief because the jury rendered its finding before the Supreme Court issued *Banks, supra*, 61 Cal.4th 788, and *Clark, supra*, 63 Cal.4th 522.  Prior to *Banks* and *Clark*, "neither the United States Supreme Court nor California courts [had] offered much guidance about the major participant or reckless indifference standards" set forth in section 190.2.  (*Strong*, *supra*, 13 Cal.5th at p. 705.)

The Supreme Court provided this much-needed guidance in its *Banks* and *Clark* decisions.  The *Banks* court considered and applied both the major participant and reckless indifference requirements, but it focused its attention primarily on the major participant requirement, framing the issue before it as follows:  "The issue before us is under what circumstances an accomplice who lacks the intent to kill may qualify as a major participant" under section 190.2.[3]  (*Banks, supra*, 61 Cal.4th at p. 794.)

---

[3]     *Banks* and *Clark* clarified the meanings of the phrases "major participant" and "reckless indifference to human life," while interpreting section 190.2, the special-circumstance statute.  That statute makes a defendant eligible for death or life in prison without the possibility of parole if he or she is a "major participant" in an enumerated felony resulting in death, and he or she acts "with reckless indifference to human life."  (§ 190.2, subd. (d).)  When the Legislature enacted Senate Bill 1437, it incorporated these same elements into section 189.  (*Strong, supra*, 13 Cal.5th at p. 710.)

After surveying U.S. Supreme Court case law pertinent to this issue, the *Banks* court identified a non-exhaustive list of factors relevant to whether a defendant is a major participant in a crime. (*Banks, supra*, 61 Cal.4th at pp. 799–803.) Such factors include: the role the defendant had in planning the criminal enterprise that led to one or more deaths; the role the defendant had in supplying or using lethal weapons; the awareness the defendant had of particular dangers posed by the nature of the crime, weapons used, or past experience or conduct of the other participants; and whether the defendant was present at the scene of the killing, in a position to facilitate or prevent the actual murder, or played a particular role in the death. (*Ibid*.)

A year later, the Supreme Court issued *Clark, supra*, 63 Cal.4th 522, which elucidated the meaning of the phrase "reckless indifference to human life." According to *Clark*, it "encompasses a willingness to kill (or to assist another in killing) to achieve a distinct aim, even if the defendant does not specifically desire that death as the outcome of his actions." (*Id*. at p. 617.) *Clark* identified the following non-exclusive considerations, many of which overlap with the *Banks* factors, as relevant to whether a defendant acts with reckless indifference to human life: the defendant's knowledge that weapons would be used and/or his personal use of weapons; the defendant's physical presence at the scene and his opportunity to restrain the killer or aid the victim; the duration of the felony; the defendant's knowledge of his accomplice's propensity to kill; and the defendant's efforts to minimize the risk of violence in the commission of the felony. (*Id*. at pp. 618–623.)

B

When Smith initially appealed the summary denial of his petition for resentencing, a split of authorities existed among the Courts of Appeal concerning whether true felony-murder special-circumstance findings made pre-*Banks* and *Clark* precluded petitioners from obtaining relief under the resentencing mechanism established by Senate Bill 1437. One line of authorities held that such findings "categorically preclude relief unless they have been vacated or set aside on direct appeal or collateral review. [Citation.] Other courts … concluded that pre-*Banks* and *Clark* findings do not pose a categorical bar but may foreclose relief if a court determines that sufficient evidence supports the findings under the *Banks* and *Clark* standards. [Citation.] And still other courts … concluded that such findings pose no bar because the decisions in *Banks* and *Clark* significantly changed the prevailing understanding of the relevant elements." (*Strong, supra*, 13 Cal.5th at pp. 709–710.)

The Supreme Court resolved this split of authority in *Strong, supra*, 13 Cal.5th 698. There, the Supreme Court observed that section 1172.6 does not directly speak to the preclusive effect of a true felony-murder special-circumstance finding rendered prior to *Banks* and *Clark*. (*Id*. at pp. 711–715.) However, it turned to first principles of issue preclusion, or equitable estoppel, which governs the conclusive effect of a prior finding in a later proceeding. (*Id*. at pp. 715–718.) It noted that a "well-settled equitable exception" to the preclusion doctrine "holds that preclusion does not apply when there has been a significant change in the law since the factual findings were rendered that warrants reexamination of the issue." (*Id*. at p. 716.)

According to *Strong*, "*Banks* and *Clark* represent the sort of significant change that has traditionally been thought to warrant reexamination of an

11

earlier-litigated issue." (*Strong, supra*, 13 Cal.5th at p. 717.) That is so because "[t]here are many petitioners with pre-*Banks* and *Clark* felony-murder special-circumstance findings who nevertheless could not be convicted of murder today." (*Ibid*.) Stated another way, "[a] pre-*Banks* and *Clark* special circumstance finding does not negate [a resentencing petitioner's] showing because the finding alone does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current understanding of the major participant and reckless indifference requirements." (*Id*. at pp. 718–719.) Thus, *Strong* rejected the first line of precedent noted above, and concluded a pre-*Banks* and *Clark* felony-murder special circumstance finding does not categorically preclude relief under section 1172.6. (*Id*. at pp. 716–718.)

*Strong* also rejected the second line of precedent discussed above, which had held "that pre-*Banks* and *Clark* findings do not pose a categorical bar to resentencing," yet still allowed a court to "reject a petition at the prima facie stage if it independently examine[d] the record and determine[d], applying the *Banks* and *Clark* standards, that sufficient evidence support[ed] the earlier findings." (*Strong, supra*, 13 Cal.5th at pp. 718–719.) As *Strong* explained, this approach was untenable because the trial environment changed after *Banks* and *Clark* were decided. (*Id*. at p. 719.) The arguments available to counsel, the evidence counsel might have sought to introduce, and overall trial strategies changed, or at least could have changed, post-*Banks* and *Clark*. (*Ibid*.) Further, "after *Banks* and *Clark*, defense counsel could have asked that optional additional instruction on the *Banks* and *Clark* factors be given to guide the jury in its deliberations [citation], with the possibility that different outcomes might have resulted." (*Id*. at pp. 719–720.)

According to *Strong*, "[a]n after-the-fact court review of a pre-*Banks* and *Clark* record does not account for all these differences." (*Id.* at p. 720.)

Therefore, *Strong* endorsed the third line of precedent noted above. It concluded that "[f]indings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Strong, supra*, 13 Cal.5th at p. 710; *id.* at p. 720 ["Neither the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause."]; *id.* at p. 721 ["For reasons we have explained, unless a defendant was tried after *Banks* was decided, a major participant finding will not defeat an otherwise valid prima facie case. And unless a defendant was tried after *Clark* was decided, a reckless indifference to human life finding will not defeat an otherwise valid prima facie case."].)

C

When we apply the legal principles articulated in *Strong* to the present case, the outcome is clear. The jury returned its robbery-murder special-circumstance finding in 1999, before the Supreme Court clarified the major participant requirement in *Banks*, and before it elucidated the reckless indifference requirement in *Clark*. "Because [Smith's] case was tried before both *Banks* and *Clark*, the special circumstance finding[] do[es] not preclude him from making out a prima facie case for resentencing under section 1172.6." (*Strong, supra*, 13 Cal.5th at p. 721.) Therefore, the order summarily denying Smith's petition for resentencing must be reversed, and

13

the matter must be remanded for issuance of an order to show cause pursuant to section 1172.6, subdivision (c).  (See *Strong*, at p. 721.)

IV

DISPOSITION

The order summarily denying Marquell Smith's petition for resentencing is reversed.  The matter is remanded with instructions that the trial court issue an order to show cause and conduct such further proceedings as are mandated by section 1172.6.

McCONNELL, P. J.

WE CONCUR:

HUFFMAN, J.

BUCHANAN, J.

14